UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN YARBER, | No. 2:14-cv-0846 DAD P |
| Petitioner, | |
| v. | ORDER |
| SUPERIOR COURT OF PLACER COUNTY, | |
| Respondent. | |

Petitioner, a pretrial detainee proceeding pro se, has filed an amended petition for a writ of habeas corpus. Petitioner has also filed an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

A court entertaining an application for a writ of habeas corpus must award the writ or direct the respondent to show cause as to why the writ should not be granted, "unless it appears from the application that the applicant or the person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

/////

1

**BACKGROUND**

On May 8, 2014, petitioner filed a first amended petition for a writ of habeas corpus. According to the petition, petitioner was arrested on February 18, 2014, and charged with violating California Penal Code § 273.5, willful infliction of corporal injury. In his petition pending before this court petitioner claims that the Placer County judicial system is violating his right to due process. Petitioner takes issue with his appointed public defender's conduct as well as the denial of his <u>Marsden</u> motion, through which he sought appointment of new counsel on his behalf, by a Placer County Superior Court Judge. Most recently, petitioner filed a letter with this court explaining that a Dr. Charles Schaffer had been appointed to evaluate him for competency and determined that he is not competent. (Am. Pet. (Doc. No. 9) at 2-3; Petn'r's Letter (Doc. No. 12) at 1.)

**DISCUSSION**

The court will invoke the abstention doctrine and dismiss petitioner's amended petition in light of his ongoing criminal proceedings in the Placer County Superior Court.[1] Absent extraordinary circumstances, this court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court. See <u>Younger v. Harris</u>, 401 U.S. 37, 46 & 48-50 (1971); <u>Brown v. Ahern</u>, 676 F.3d 899, 903 (9th Cir. 2012) ("abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution."); <u>Carden v. Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980) (exceptions to the general rule of federal abstention arise only in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown.").

<u>Younger</u> abstention is appropriate when the following criteria are met: (1) state judicial proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity in state court to raise constitutional challenges.

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 10 & 11)

See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). This case meets the Younger abstention criteria. First, petitioner's criminal proceedings are currently pending in state court, and any relief granted here would interfere with those proceedings. Second, the ongoing criminal proceedings implicate important state interests. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Finally, petitioner has adequate opportunity in state court to raise constitutional challenges to those proceedings. See Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'"). Although petitioner may not agree with the rulings being made in his state court criminal proceedings, that does not render the forum inadequate. See Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.2003) (Younger abstention appropriate because plaintiff's "lack of success [in state court] does not render the forum inadequate.")

Lastly, petitioner has failed to establish that any exception to the Younger abstention doctrine applies in this case. In this regard,

> If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for Younger abstention are met. See Gibson v. Berryhill, 411 U.S. 564, 578-79, 93 S. Ct. 1689, 36 L.Ed.2d 488 (1973) (holding that Younger abstention did not apply to a suit to enjoin a proceeding before an administrative board that had a pecuniary interest in the outcome); Partington v. Gedan, 961 F.2d 852, 861 (9th Cir.1992) (referring to the "'bad faith and harassment' exception" to Younger abstention).

Baffert, 332 F.3d at 621. See also Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994) (federal court need not abstain in "extraordinary circumstances" such as when the state court proceedings are undertaken in bad faith or for purposes of harassment or are based upon a statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph[.]")); Lebbos, 883 F.2d at 816. Here, petitioner is seeking

to have this federal court intervene in an ongoing state criminal prosecution – precisely the type of circumstance to which Younger abstention was intended to apply.  Petitioner has failed to establish that any of the above noted exceptions to that doctrine apply in his case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 5) is granted;

2. Petitioner's amended petition for writ of habeas corpus (Doc. No. 9) is dismissed without prejudice;

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. This action is closed.

Dated: July 10, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
yarb0846.156